## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ORRIN T. SKRETVEDT,                  )
                                     )
              Plaintiff,             )
                                     )
       v.                            )        C.A. No. 98-61 (MPT)
                                     )
E. I. DU PONT DE NEMOURS             )
AND COMPANY, et al.,                 )
                                     )
              Defendants.            )

---

**ANSWERING BRIEF OF DEFENDANT E. I. DU PONT DE NEMOURS AND
COMPANY IN OPPOSITION TO PLAINTIFF'S OPENING BRIEF ON
REMAND FROM THE THIRD CIRCUIT TO ESTABLISH COMPENSATION
FOR DELAYED PAYMENT OF EMPLOYEE BENEFITS**

Mary E. Copper (#2397)
Kathleen Furey McDonough (#2395)
Elizabeth King (#4475)
POTTER ANDERSON & CORROON LLP
Hercules Plaza 6th Floor
1313 N. Market Street, P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000

Evelyn H. Brantley (#3380)
E. I. du Pont de Nemours and Company
DuPont Legal, D7146
1007 Market Street
Wilmington, Delaware 19898
(302) 773-0369

*Attorneys for Defendant*
*E. I. du Pont de Nemours and Company*

Dated: November 4, 2005
PA&C-704746v1

## TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDING ............................................................... 1

SUMMARY OF ARGUMENT ........................................................................................... 3

STATEMENT OF FACTS ................................................................................................. 5

I.    PREJUDGMENT INTEREST ON THE DELAYED PAYMENT OF
      INCAPABILITY BENEFITS. .................................................................................. 7

      A.    Plaintiff Is Not Entitled To Prejudgment Interest. ...................................... 7

      B.    If The Court Decides To Award Prejudgment Interest on the Incapability
            Benefits, The Court Should Not Award Interest For The Time Period
            Covering Plaintiff's Delay In Bring Suit. ................................................... 7

      C.    If The Court Decides To Award Prejudgment Interest on the Incapability
            Benefits, The Pension Plan's Formula For Calculating Interest Controls. ...... 9

            1.    *The Appropriate Amount of Prejudgment Interest On The
                  Incapability Benefits Is $5,322.62.* ............................................... 9

            2.    *Plaintiff Relies On A Faulty Methodology To Calculate
                  Prejudgment Interest On His Incapability Benefits.* .................... 11

II.   INTEREST ON DELAYED PAYMENT OF T&P BENEFITS ...................................... 12

      A.    Under *Fotta II*, Plaintiff Is Not Entitled to Interest On His T&P Benefits. ......... 12

      B.    Assuming *Arguendo* That The Court Decides That Plaintiff Is Entitled To
            Interest On His T&P Benefits, The Court Should Not Award Interest For
            The Time Period Covering Plaintiff's Delay In Bring Suit. .......................... 15

      C.    Assuming *Arguendo* That The Court Decides That Plaintiff Is Entitled To
            Interest On His T&P Benefits, The Court Should Use The Short-Term
            Borrowing Rates Paid By DuPont During The Relevant Time Period ........... 15

            1.    *The Appropriate Amount Of Interest On Plaintiff's T&P Benefits Is
                  $13,885.09* ..................................................................................... 15

            2.    *Plaintiff Relies On A Faulty Methodology To Calculate Interest On
                  His T&P Benefits.* ............................................................................ 17

III.  POSTJUDGMENT INTEREST .............................................................................. 18

      A.    Pursuant to *Skretvedt II*, the Plaintiff Must Make An Application For
            Postjudgment Interest *Following* An Award, If Any, Of Prejudgment

Interest On His Incapability Benefits And/Or An Award Of Interest, If
Any, On His T&P Benefits. ................................................................................. 18

B.    If The Court Decides To Address Postjudgment Interest At This Time,
The Appropriate Calculation Of Postjudgment Interest On Plaintiff's
Incapability Benefits Is $464.21. ...................................................................... 19

1.    *28 U.S.C. § 1961 Governs All Calculations of Postjudgment
Interest* ............................................................................................... 19

2.    *The 10% Interest Rate On Which Plaintiff Relies For Purposes Of
Calculating Postjudgment Interest Is Incorrect* ......................................... 19

C.    If The Court Decides To Address Postjudgment Interest At This Time,
Plaintiff Is Not Entitled To Postjudgment Interest On An Award, If Any,
Of Interest On His T&P Benefits. ...................................................................... 20

1.    *Plaintiff Is Not Entitled To Postjudgment Interest On An Award, If
Any, Of Interest On His T&P Benefits Because 28 U.S.C. § 1961
Does Not Apply* .................................................................................... 20

2.    *If The Court Determines That The Plaintiff Is Entitled To
Postjudgment Interest On An Award, If Any, Of Interest On His
T&P Benefits, DuPont Respectfully Requests That The Court Use
§ 1961 As A Guideline* ........................................................................... 21

CONCLUSION ............................................................................................................... 22

# TABLE OF AUTHORITIES

*Anthius v. Colt Indus. Operating Corp.*,
    971 F.2d 999 (3d Cir. 1992)............................................................................................9

*Fotta v. Trs. of the UMW Health & Ret. Fund of 1974*,
    319 F.3d 612 (3d Cir. 2003)..................................................................................... *passim*

*Gelof v. Papineau*,
    829 F.2d 452 (3d Cir. 1987)..........................................................................................20

*Hardtke v. Exide Corp.*,
    821 F. Supp. 1021 (E.D. Pa. 1993) ........................................................................3, 7, 8

*Holmes v Pension Plan of Bethlehem Steel Corp.*,
    213 F.3d 124 (3d Cir. 2000).....................................................................................10, 12

*IPPV Enters., LLC v. Echostar Communications Corp.*,
    2003 U.S. Dist. LEXIS 3530 (D. Del. Feb. 27, 2003) ..............................................16

*Jordan v. CCH, Inc.*,
    230 F. Supp. 2d 602 (E.D. Pa. 2002) ...........................................................................8

*Kaiser Aluminum & Chem. Corp. v. Bonjorno*,
    494 U.S. 827 (1990)..............................................................................................10, 19

*Kann v Keystone Resources, Inc.*,
    575 F. Supp. 1084 (W.D. Pa. 1983).............................................................................10

*Mars, Inc. v. Conlux USA Corp.*,
    818 F. Supp. 707 (D. Del. 1993)...................................................................................17

*Quesinberry v Life Ins. Co.*,
    987 F.2d 1017 (4th Cir. 1993) .....................................................................................10

*Skretvedt v. E.I. DuPont de Nemours & Co.*,
    268 F.3d 167 (3d Cir. 2001)..............................................................................1,5, 13, 14

*Skretvedt v. E.I. DuPont de Nemours, et al.*,
    372 F.3d 193 (3d Cir. 2004)..................................................................................... *passim*

*Valle v. Joint Plumbing Indus. Bd.*,
    623 F.2d 196 (2d Cir. 1980)...........................................................................................7

ERISA § 502(a)(1)(B) ....................................................................................................2

ERISA § 502(a)(3)(B) ......................................................................................12, 13, 20

28 U.S.C. § 1961 ............................................................................................... *passim*

6 Del. C. § 2301(a) ....................................................................................................20

## NATURE AND STAGE OF THE PROCEEDING

On February 4, 1998, Plaintiff Orrin T. Skretvedt commenced an action in the United States District Court for the District of Delaware seeking, *inter alia*, incapability pension benefits ("Incapability Benefits") under the Pension and Retirement Plan ("Pension Plan") of E.I. du Pont de Nemours and Company ("DuPont") and benefits under the Total and Permanent Disability Income Plan ("T&P Benefits"). (D.I. 1). Plaintiff also sought prejudgment and postjudgment interest. Upon cross-motions for summary judgment, the Court granted DuPont's motion for summary judgment and denied Plaintiff's motion for summary judgment. (D.I. 120).

On appeal, the United States Court of Appeals for the Third Circuit reversed, instructing the Court to grant summary judgment in Plaintiff's favor on his claim for Incapability Benefits. *Skretvedt v. E.I. DuPont de Nemours & Co.*, 268 F.3d 167 (3d Cir. 2001) ("*Skretvedt I*"). On April 1, 2002, Plaintiff filed a brief with the Court seeking, *inter alia*, interest on the delayed payment of his benefits. (D.I. 142). The Court held, *inter alia*, that Plaintiff was not entitled as a matter of law to the interest. (D.I. 151). Plaintiff appealed to the Third Circuit. (*See* D.I. 157).

In a precedential opinion dated June 16, 2004, the Third Circuit remanded the case for the Court to "exercise its discretion in the first instance in determining whether prejudgment interest is appropriate" with respect to the delayed payment of Incapability Benefits. *Skretvedt v. E.I. DuPont de Nemours, et al*, 372 F.3d 193, 208 (3d Cir. 2004) ("*Skretvedt II*"). With respect to Plaintiff's claim for interest on the delayed payment of T&P Benefits, the Third Circuit remanded the case for the Court to consider whether, under *Fotta v. Trs. of the UMW Health & Ret. Fund of 1974*, 319 F.3d 612 (3d

Cir. 2003) ("*Fotta II*"), Plaintiff is entitled to a constructive trust because DuPont wrongfully withheld or delayed the payment of his T&P benefits. *Id.* at 215. Finally, the Third Circuit addressed the availability of an award of postjudgment interest. *Id.* at 216 – 218. The Third Circuit stated that Plaintiff "could receive postjudgment interest on any award of interest under ERISA § 502(a)(1)(B) with respect to incapability benefits, *should the Magistrate Judge award prejudgment interest in exercising her discretion . . .." Id.* at 217 (emphasis added). With respect to "post-judgment interest on an award of interest for the delayed payment of T&P benefits," the Third Circuit declined to address the issue, noting that "the Magistrate Judge might determine that [Plaintiff] is not entitled to a constructive trust for interest under *Fotta II* because there was not a wrongful withholding of or delay in paying T&P benefits." *Id.* at 218.

On October 4, 2005, Plaintiff filed his "Opening Brief On Remand From The Third Circuit To Establish Compensation For Delayed Payment Of Employee Benefits." (D.I. 196). This is DuPont's Answering Brief.

## .SUMMARY OF ARGUMENT

DuPont maintains that the Court, in its broad discretion, should not award Plaintiff any prejudgment interest on his Incapability Benefits. In the event the Court determines that Plaintiff is entitled to prejudgment interest on his Incapability Benefits, the Court should not award prejudgment interest for the time period covering Plaintiff's delay in bringing suit. *See Hardtke v. Exide Corp.*, 821 F. Supp. 1021, 1031 (E.D. Pa. 1993) (finding ERISA claimant was "less than diligent in pursuing his claim for benefits" and declining to award prejudgment interest for four years preceding filing of complaint). Accordingly, the appropriate time period for calculating an award of prejudgment interest on the delayed payment of Plaintiff's Incapability Benefits is February 4, 1998 – the date Plaintiff filed suit – to December 13, 2001 – the date the Court entered judgment on Plaintiff's claim for Incapability Benefits. If the Court believes Plaintiff is entitled to prejudgment interest, the Court should use the formula applied by the Pension Plan for calculating the amount of interest to pay plan participants whose benefits payments have been delayed, through no fault of their own. Using this formula, interest on Plaintiff's delayed monthly Incapability Benefits, beginning in February 1998, is $5,322.62.

DuPont submits that Plaintiff is not entitled to interest on the delayed payment of his T&P Benefits because Plaintiff cannot show that, under *Fotta II*, DuPont wrongfully withheld or delayed payment of his T&P Benefits. Assuming *arguendo* that the Court determines that Plaintiff is entitled to interest on his T&P Benefits, the short-term borrowing rates DuPont paid during the relevant time period are the appropriate measures for calculating an award of interest. Using the short-term borrowing rates during the relevant period, interest on Plaintiff's T&P Benefits, beginning in February 1998, is $13,885.09.

3

Finally, DuPont maintains that it is premature to address postjudgment interest at this time, and requests that the Court delay addressing postjudgment interest until Plaintiff moves for such an award following an award, if any, of prejudgment interest on Plaintiff's Incapability Benefits and/or an award, if any, of interest on Plaintiff's T&P Benefits.

## .STATEMENT OF FACTS

On February 7, 1995, DuPont terminated the Plaintiff's employment, and on or about October 1, 1995, Plaintiff applied for Incapability Benefits and T&P Benefits. DuPont's Board of Benefits and Pensions ("Board") denied both claims on May 23, 1996. Plaintiff waited until February 4, 1998 – approximately three years from the date of his termination – to file suit against DuPont. Consistent with the Third Circuit's instructions in *Skretvedt I*, the Court entered judgment on Plaintiff's claim for Incapability Benefits on December 13, 2001. On March 6, 2002, DuPont paid Plaintiff his Incapability Benefits. Also on March 6, 2002, DuPont paid Plaintiff his T&P benefits, even though the Court had not entered judgment in Plaintiff's favor on his claim for these benefits.

### Prejudgment Interest – Incapability Benefits[1]

DuPont calculates the appropriate amount of prejudgment interest on Plaintiff's Incapability Benefits by using the formula applied by the Pension Plan for paying interest to plan participants whose benefits have been delayed, through no fault of their own. The Pension Plan pays interest on delayed benefits payments using a simple interest formula and an interest rate equal to 120% of the federal mid-term rate as of January of the year in which the delay occurred and benefits should have been paid. *See* Affidavit of Kenneth W. Porter ("Porter Affidavit"), filed contemporaneously herewith.

---

[1]  DuPont's position is that Plaintiff is not entitled to prejudgment interest on his Incapability Benefits because DuPont's denial of benefits in the course of the administrative process was not wrongful. DuPont provides these calculations for use only in the event the Court determines that a prejudgment interest award is appropriate.

DuPont's interest calculation begins on February 4, 1998 – the date Plaintiff filed suit – and ends on December 13, 2001 – the date the Court entered judgment.

### Interest – T&P Benefits[2]

DuPont calculates the appropriate amount of interest on Plaintiff's T&P Benefits by using the short-term borrowing rates DuPont paid during the relevant period. DuPont's interest calculation begins on February 4, 1998 – the date Plaintiff filed suit – and ends on March 6, 2002 – the date DuPont paid the benefit.

### Postjudgment Interest – Incapability Benefits and T&P Benefits[3]

DuPont calculates the appropriate amount of postjudgment interest on Plaintiff's Incapability Benefits and T&P Benefits by using the methodology prescribed by 28 U.S.C. § 1961.

---

[2]    DuPont's position is that Plaintiff is not entitled to interest on his T&P Benefits. DuPont provides these calculations for use only in the event the Court determines that an interest award is appropriate.

[3]    DuPont's position is that it is premature to address the issue of postjudgment interest and that, even if the Court deems it appropriate to address postjudgment interest at this time, Plaintiff is not entitled to postjudgment interest on an award, if any, of interest on the delayed payment of his T&P Benefits. DuPont provides these calculations for use in the event that the Court addresses postjudgment interest at this time.

**ARGUMENT**

I.    PREJUDGMENT INTEREST ON THE DELAYED PAYMENT OF
      INCAPABILITY BENEFITS.

    A.    <u>Plaintiff Is Not Entitled To Prejudgment Interest.</u>

The Third Circuit in *Skretvedt II* held that the Plaintiff could apply for

"prejudgment interest with respect to incapability benefits awarded pursuant to a court

judgment under ERISA § 502(a)(1)(b)." 372 F.3d at 205. The Third Circuit, however,

stressed that the Court has "broad discretion" to determine whether Plaintiff is even

entitled to an award of prejudgment interest. *Id.* at 205-06, 218.

Plaintiff's request for prejudgment interest on the delayed payment of his

Incapability Benefits "is no more than an ordinary request for prejudgment interest on a

judgment procured pursuant to a federal statute." *Skretvedt II*, 372 F.3d at 205. An

award of prejudgment interest "is to be granted based on considerations of fairness [and]

denied when its exaction would be inequitable." *Hardtke*, 821 F. Supp. at 1031 (citing

*Ambromovage v. United Mine Workers*, 726, F.2d 972, 981-82 (3d Cir. 1984)) (alteration

in original). The Court should not award Plaintiff prejudgment interest on his

Incapability Benefits because DuPont's delay in paying his Incapability Benefits was not

wrongful. DuPont followed all appropriate ERISA rules and regulations governing the

appeal process. Moreover, during the delay in making payment, DuPont was simply

defending its position that Plaintiff was not entitled to benefits under the Pension Plan.

    B.    If The Court Decides To Award Prejudgment Interest On The Incapability
        Benefits, The Court Should Not Award Interest For The Time Period
        <u>Covering Plaintiff's Delay In Bring Suit.</u>

The Court has broad discretion to fix the starting date for purposes of

calculating prejudgment interest. *Valle v. Joint Plumbing Indus. Bd.*, 623 F.2d 196, 206-

7

07 (2d Cir. 1980). A plaintiff's diligence in prosecuting an action is a factor that has influenced courts' exercise of discretion with respect to the calculation of prejudgment interest. *Fotta II*, 319 F.3d at 618 ("One of the reasons for denying an equitable remedy is delay by the claimant."); *Hardtke,* 821 F. Supp. at 1031 (finding ERISA claimant was "less than diligent in pursuing his claim for benefits" and declining to award prejudgment interest for four years preceding filing of complaint); *see also Jordan v. CCH, Inc.*, 230 F. Supp. 2d 602, 616-17 (E.D. Pa. 2002) (refusing to award prejudgment interest for two-year delay in bringing suit).

The appropriate time period for calculating an award of prejudgment interest on the delayed payment of Plaintiff's Incapability Benefits is February 4, 1998 – the date Plaintiff filed suit – to December 13, 2001 – the date the Court entered judgment on Plaintiff's claim for Incapability Benefits. Plaintiff is not entitled to prejudgment interest prior to February 4, 1998 because he is responsible for a three-year delay in bringing this lawsuit. "[I]t would be inequitable to allow Plaintiff to receive the benefit during the time of his delay." *Jordan*, 230 F. Supp. 2d at 616.

Plaintiff's calculation assumes that interest runs from the date of his termination. Even if the Court were to decide that a date earlier than February 4, 1998 is a proper starting date for calculation of prejudgment interest on Plaintiff's Incapability Benefits, Plaintiff's termination date is not a proper starting date. The earliest possible starting date for the calculation is May 23, 1996 - the date the Board denied Plaintiff's application for benefits.

C.    If The Court Decides To Award Prejudgment Interest On The Incapability Benefits, The Pension Plan's Formula For Calculating Interest Controls.

1.    *The Appropriate Amount of Prejudgment Interest On The Incapability Benefits Is $5,322.62.*

The Court has broad to discretion to determine the applicable rate of interest for purposes of calculating prejudgment interest. *Skretvedt II*, 372 F.3d at 208; *See also Anthius v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1010 (3d Cir. 1992). Plaintiffs' Incapability Benefits are payable from the Pension Plan trust. The Pension Plan has a policy regarding the payment of interest to plan participants whose benefits are delayed, through no fault of the participant. In such cases, the Pension Plan pays interest on the delayed benefit payments using a simple interest rate formula and an interest rate equal to 120% of the federal mid-term rate as of January of the year in which the delay occurred and benefits should have been paid. *See* Porter Affidavit, filed contemporaneously herewith. The rate developed by the Pension Plan ensures a market interest while not exposing the participant to the loss that might be incurred if the Pension Plan were to base the interest on the investment performance of the trust. Because it is the Pension Plan's practice to use the foregoing formula for calculating interest on the delayed payment of pension benefits, and in consideration of the overriding principle under ERISA that Pension Plan participants be treated on a nondiscriminatory basis, this formula should govern the calculation of prejudgment interest in this case.

9

The following list identifies the applicable interest rate by year:

| | |
|------|-------|
| 1998 | 7.13% |
| 1999 | 5.59% |
| 2000 | 7.47% |
| 2001 | 6.75% |

These rates are publicly available and published by the Internal Revenue Service.[4] Using the above-applicable interest rates, interest on Plaintiff's Incapability Benefits, beginning in February 1998, is $5,322.62. DuPont's methodology for calculating prejudgment interest on Plaintiff's Incapability Benefits is fair, and notably, more favorable than using the methodology prescribed by 28 U.S.C. § 1961, which district courts often use to calculate prejudgment interest.[5]

---

[4]     Support for interest rates from 1998 to 2001 is attached to DuPont's Answering Brief as Exhibit A.

[5]     The federal statute establishing the interest rate for postjudgment interest, 28 U.S.C. § 1961, is often used by federal courts to calculate an award of prejudgment interest. *Holmes v Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124 (3d Cir. 2000) (District court did not abuse its discretion in calculating award on delayed pension benefits using statutory postjudgment interest rate rather than actual rate of return pension plan earned during period of wrongful delay; approving the District Court's opinion that "it would be inappropriate to award interest at a higher rate than the essentially zero-risk yield on Treasury Bills provided for in 28 U.S.C. § 1961."); *Quesinberry v Life Ins. Co.*, 987 F.2d 1017 (4th Cir. 1993) (federal post-judgment statute is applicable in ERISA cases); *Kann v Keystone Resources, Inc.*, 575 F. Supp. 1084 (W.D. Pa. 1983) (it is appropriate for court to award ERISA plaintiff prejudgment interest at rate computed pursuant to provisions of 28 U.S.C. § 1961(a)).

Pursuant to § 1961, interest is calculated using "a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). This rate remains fixed throughout the postjudgment period. *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. (Continued …)

2.    *Plaintiff Relies On A Faulty Methodology To Calculate*
      *Prejudgment Interest On His Incapability Benefits.*

Plaintiff calculates prejudgment interest on his Incapability Benefits for a

plan year by taking the difference between the net value of Pension Plan assets at the

beginning of a plan year and the net value of the assets at the end of the end of a plan

year and calculating the percentage change in the net value.  Plaintiff obtains the net

values for each year from DuPont's Summary Annual Reports, a report DuPont files

pursuant to Department of Labor regulation § 2520.104(b).

Plaintiff's method of calculating prejudgment interest on Incapability

Benefits is not appropriate to the determination of interest on delayed payment of benefits

under an ERISA plan.  First, it is not clear that net change in asset values is a true

measure of how the Plaintiff's funds actually performed (as would be the relevant

measure under constructive trust theory).  Second and equally important, if a

methodology purporting to use changes in asset values is used, it places the plan

participant at risk to lose his benefits if there is a net loss in asset values.  For example,

Plaintiff's calculation of interest for the year 2001 is based on a zero rate of change for

year 2001, when in fact there was a *decrease* in net assets in the Pension Plan of 10.05%

---

827, 838-39 (1990) (holding that "the interest rate for any particular judgment is
to be determined as of the date of the judgment, and that is the single rate
applicable for the duration of the interest accrual period.").  The weekly average
1-year constant maturity Treasury yield for the calendar week preceding the date
of judgment – December 13, 2001 – was 2.17%.  See Exhibit B.  Using this rate,
total prejudgment interest on Plaintiff's Incapability Benefits, compounded
annually and beginning in February 1998, would be $3,053.64 – more than
$6,000 less than the amount in which DuPont's methodology results.  Comparing
DuPont's proposed calculation with the calculation based on § 1961, an award of
prejudgment interest using DuPont's methodology would compensate Plaintiff for
the loss of use of his money and would not be punitive in nature.

in 2001. *See* 2001 Summary Annual Report for the DuPont Pension and Retirement Plan,

attached hereto as Exhibit C. Plaintiff's position of selectively using only the net positive

change in asset values demonstrates that he desires the benefits of the expertise of the

Pension Plan's investment advisors, but is unwilling to accept the risks. The appropriate

rate for interest on delayed payment of benefits is a fixed income rate that provides the

plan participant with a market rate of return without exposing the participant to

unnecessary market risk.[6]

II.     INTEREST ON DELAYED PAYMENT OF T&P BENEFITS

     A.     Under *Fotta II*, Plaintiff Is Not Entitled To Interest On His T&P Benefits.

          With respect to Plaintiff's claim for interest on his T&P Benefits, the

Third Circuit remanded the case for the Court to consider whether, under *Fotta II*,

Plaintiff is even entitled to interest on the benefits. *Skretvedt II*, 372 F.3d at 215. The

Third Circuit in *Fotta II* held that an ERISA beneficiary is entitled, pursuant to §

502(a)(3)(B), "to interest on his delayed benefits *only if* those benefits were *wrongfully*

---

[6]     It should be noted that Plaintiff would not have been able to obtain the same rate
of investment performance as DuPont was able to obtain over the relevant time
period. *See Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 132-
33 (3d Cir. 2000) (approving the District Court's opinion that "it would be 'highly
speculative' to simply assume that Appellants would have invested their benefits
in higher-risk, higher-yield securities, and that to so assume would be to reward
them for risks they did not take.") (citing *Holmes v. Pension Plan of Bethlehem
Steel Corp.*, C.A. No. 98-CV-1241, 1999 U.S. Dist. LEXIS 4613, *7 (E.D. Pa.
March 24, 1999)). Any rate of return the Pension Plan "realized in excess of the
risk-free yield on Treasury Bills during the relevant period would be the result of
the Plan's investment expertise and labor, as well as additional risk that the Plan,
not [Plaintiff] bore." *Id.* at 132. An award of prejudgment interest at the rate of
interest proposed by Plaintiff would be punitive because it would "disgorge
profits earned as a result of risks irreversibly borne and labor otherwise
uncompensated . . . ." *Id.* at 133.

*withheld or wrongfully delayed*, that is, only if they were withheld or delayed in violation of ERISA or an ERISA plan." *Fotta II*, 319 F.3d at 617 (emphasis added). Plaintiff is not entitled to interest on his T&P Benefits because Plaintiff has not shown, and cannot show, that DuPont wrongfully withheld or delayed the payment of his T&P Benefits.

In *Fotta II*, the Third Circuit noted that the plaintiff seeking interest on the delayed payment of benefits pursuant to § 502(a)(3)(B) "must meet a high standard" and that "the Fund's eligibility determinations are wrongful only if they are arbitrary and capricious." 319 F.3d at 617. The Plaintiff in the case at bar must meet the same high standard.[7] In order to meet this standard, Plaintiff must show that Board's decision to delay payments of his T&P Benefits was arbitrary and capricious. There is no such support in the record.[8] For the following reasons, Plaintiff cannot now argue that DuPont wrongfully withheld or delayed payment of his T&P Benefits in order to recover interest on these belatedly paid benefits.

In order to qualify for Incapability Benefits, Plaintiff needed to show that he was "permanently incapable of performing the duties of *his position* . . .," whereas to qualify for T&P Benefits, Plaintiff needed to show that he was "disabled by injuries or disease and presumably will be totally and permanently prevented from pursuing *any gainful employment*." *Skretvedt I*, 268 F.3d at 171 (emphasis added). At the time of

---

[7]     The Third Circuit in *Skretvedt I* affirmed the Court's use of the arbitrary and capricious standard to review the Board's eligibility determination with respect to Plaintiff's Incapability Benefits. 268 F.3d at 170. The same standard is appropriate for review of the Board's determination to delay payment of Plaintiff's T&P Benefits.

[8]     There was never a final determination on the merits of Plaintiff's claim for T&P benefits, and consequently, there was never a determination of whether the Board acted arbitrarily and capriciously.

13

Plaintiff's application for benefits, it was the Board's practice "to first determine whether an employee qualified for incapability benefits. If so, the Board would determine whether the employee also qualified for T&P benefits." *Skretvedt I*, 268 F.3d at 171. The Third Circuit in *Skretvedt II* noted the reason for this practice – Plaintiff's eligibility for Incapability Benefits did not necessarily mean that he would also be eligible for T&P Benefits. To the contrary, under the eligibility standards of the plans, Plaintiff could not possibly be entitled to T&P Benefits if he was not at least entitled to Incapability Benefits. Accordingly, the Board acted in conformance with its own practice and procedure, and with the plans' eligibility standards, in refusing to address Plaintiff's claim for T&P Benefits before it had made a determination with respect to Plaintiff's claim for Incapability Benefits. Once it had made a determination to deny Plaintiff's claim for Incapability Benefits, the Board could not, under the plan's eligibility standards, grant Plaintiff's claim for T&P Benefits. Once the Third Circuit instructed the Court to enter judgment in Plaintiff's favor with respect to Plaintiff's claim for Incapability Benefits, DuPont, upon reassessment of Plaintiff's claims, voluntarily granted Plaintiff's T&P Benefits "without Skretvedt's having to resort to further judicial proceedings." *Skretvedt II*, 372 F.3d at 198.

The Third Circuit noted that Plaintiff "represented to the Magistrate Judge that DuPont had paid those benefits," and that Plaintiff "did not argue that DuPont in any way failed to award T&P benefits or miscalculated the award of T&P benefits . . .." *Id.* at 201 (holding that Plaintiff's "claim for T&P benefits was sufficiently resolved in the [Magistrate Judge's] August 21, 2002 opinion and order where the Magistrate Judge recognized that payment of T&P benefits was moot."). Plaintiff cannot now argue that

14

DuPont wrongfully withheld or delayed payment of his T&P benefits in order to recover prejudgment interest on those benefits.

B. Assuming *Arguendo* That The Court Decides That Plaintiff Is Entitled To Interest On His T&P Benefits, The Court Should Not Award Interest For The Time Period Covering Plaintiff's Delay In Bring Suit.

For the reasons articulated in Section I.B. above, the appropriate time period for calculating an award of interest on the delayed payment of Plaintiff's T&P Benefits is February 4, 1998 – the date Plaintiff filed suit – to March 6, 2002 – the date DuPont granted Plaintiff T&P Benefits.

Plaintiff's calculation assumes that interest runs from the date of his termination. Even if the Court were to decide that a date earlier than February 4, 1998 is a proper starting date for calculation of interest on Plaintiff's T&P Benefits, Plaintiff's termination date is not a proper starting date. The earliest possible starting date for the calculation is May 23, 1996 - the date the Board denied Plaintiff's application for benefits.

C. Assuming *Arguendo* That The Court Decides That Plaintiff Is Entitled To Interest On His T&P Benefits, The Court Should Use The Short-Term Borrowing Rates Paid By DuPont During The Relevant Time Period.

1. *The Appropriate Amount Of Interest On Plaintiff's T&P Benefits Is $13,885.09.*

The Total and Permanent Disability Income Plan is a self-funded plan, which means that the benefits under the plan are paid out of DuPont's general assets. During the relevant time period, DuPont was a net borrower, and it paid short-term borrowing rates. *See* Porter Affidavit, filed contemporaneously herewith, and Exhibit 1 attached thereto. Therefore, by withholding Plaintiff's T&P Benefits, DuPont in effect relieved itself of having to borrow additional funds to pay the Plaintiff. As a

consequence of having to borrow less, DuPont saved money in the form of interest that it would have had to pay had it paid Plaintiff's T&P Benefits. Accordingly, the Court should use the short-term borrowing rates DuPont paid during the relevant period to calculate an award of interest on Plaintiff's T&P Benefits.

The following list identifies the applicable interest rate by year:

| 1998 | 5.40% |
|------|-------|
| 1999 | 6.00% |
| 2000 | 6.80% |
| 2001 | 7.60% |
| 2002 | 3.50% |

These rates are publicly available in DuPont's annual financial disclosures. Using the above-applicable interest rates, interest on Plaintiff's T&P Benefits, compounded annually and beginning in February 1998, is $13,885.09.

The District of Delaware supports using the cost of borrowing money as the rate for calculating interest. *See IPPV Enters., LLC v. Echostar Communications Corp.*, C.A. No. 99-577-KAJ, 2003 U.S. Dist. LEXIS 3530 (D. Del. Feb. 27, 2003) (addressing appropriate interest rate in patent infringement case) (Exhibit D). In *IPPV Enterprises*, the court noted that "[c]ourts sometimes apply a prejudgment interest rate based on the prime rate, to account for the cost of borrowing money." 2003 U.S. Dist. LEXIS at *9. After noting that courts also use the Treasury Bill rate prescribed by 28 U.S.C. § 1961, the court determined that the "appropriate prejudgment interest rate should be an average of the short term prime lending rates" for the relevant time period.

16

*Id.* at *10; *see also Mars, Inc. v. Conlux USA Corp.*, 818 F. Supp. 707, 720-21 (D. Del. 1993) ("The cost of borrowing money –not the rate of return on investing money – provides a better measure of the harm . . . suffered as a result of the loss of the use of money over time.").

DuPont's methodology for calculating interest on Plaintiff's T&P Benefits is fair, and it is more favorable than use of the methodology prescribed by 28 U.S.C. § 1961.[9]

2.     *Plaintiff Relies On A Faulty Methodology To Calculate Interest On His T&P Benefits.*

Plaintiff relies on DuPont's Investment Proposal Manual ("Manual") to arrive at a 25% interest rate for purposes of calculating interest on his T&P benefits.

Plaintiff's methodology is faulty for numerous reasons. First, the Manual is completely irrelevant to DuPont's earnings or investment performance because it does not use actual data. DuPont uses the Manual to analyze and project cash flows for investments in capital projects. As noted above, the analyses of capital investments in the Manual are projections, not actual performance results. Under a constructive trust theory, Plaintiff is only entitled to recover actual earnings, not projected earnings. Plaintiff offers no support to show that his funds were used for a particular investment. Finally, an

---

[9]     The weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date DuPont paid the benefits – March 6, 2002 – was 2.41%. See Exhibit E. Using this rate, total interest on Plaintiff's T&P Benefits, compounded annually and beginning in February 1998, would be $4,708.76 – more than $9,000 less than the amount in which DuPont's methodology results. Comparing DuPont's proposed calculation with the calculation based on § 1961, an award of prejudgment interest using DuPont's methodology would compensate Plaintiff for the loss of use of his money and would not be punitive in nature.

17

award of interest based on a 25% interest rate would amount to punitive damages, not

equitable relief, in the absence of a showing that such earnings were actually received.

Plaintiff offers no such evidence.

III.    POSTJUDGMENT INTEREST

      A.    Pursuant to *Skretvedt II*, the Plaintiff Must Make An Application For
            Postjudgment Interest *Following* An Award, If Any, Of Prejudgment
            Interest On His Incapability Benefits And/Or An Award Of Interest, If
            Any, On His T&P Benefits.[10]

            It is not appropriate to address postjudgment interest at this juncture.

Although the Third Circuit in *Skretvedt II* provided guidance regarding postjudgment

interest to the Court and to the parties, 372 F.3d at 216-18, the Third Circuit specifically

stated that the Court, on remand, is "to reconsider in the first instance whether Skretvedt

is entitled in light of this opinion to prejudgment interest on the award of incapability

benefits and/or interest on the delayed payment of T&P benefits . . . ." *Id.* at 218.  The

Third Circuit then granted Plaintiff the "ability to file a timely motion for postjudgment

interest on any resulting award of prejudgment interest . . . ." *Id.*  Accordingly, DuPont

submits that it is premature to discuss postjudgment interest at this time, and requests that

the Court delay addressing postjudgment interest until Plaintiff moves for such an award

following an award, if any, of prejudgment interest on Plaintiff's Incapability Benefits

and/or an award, if any, of interest on Plaintiff's T&P Benefits.[11]

---

[10]    By addressing the issue of postjudgment interest with respect to an award, if any,
       of prejudgment interest on Plaintiff's Incapability Benefits, or an award, if any, of
       interest on Plaintiff's T&P Benefits, DuPont is not waiving or abandoning its
       argument set forth in Sections I.A. and II.A. that Plaintiff is not entitled to
       prejudgment interest on his Incapability Benefits or interest on his T&P Benefits.

[11]    Furthermore, while DuPont believes that the methodologies set forth herein are
       the most appropriate methodologies for calculating an award, if any, of
(Continued …)

B.    If The Court Decides To Address Postjudgment Interest At This Time,
The Appropriate Calculation Of Postjudgment Interest On Plaintiff's
Incapability Benefits Is $464.21.

1.    *28 U.S.C. § 1961 Governs All Calculations of Postjudgment
Interest.*

Pursuant to § 1961, interest is calculated using "a rate equal to the weekly

average 1-year constant maturity Treasury yield . . . for the calendar week preceding the

date of the judgment." 28 U.S.C. § 1961(a). This rate remains fixed throughout the post-

judgment period. *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 838-39

(1990) (holding that "the interest rate for any particular judgment is to be determined as

of the date of the judgment, and that is the single rate applicable for the duration of the

interest accrual period."). The weekly average 1-year constant maturity Treasury yield

for the calendar week preceding the date of judgment – December 13, 2001 – was 2.17%.

*See* Exhibit B. Using this rate, total postjudgment interest on a prejudgment interest

award of $5,322.62 on Plaintiff's Incapability Benefits, compounded annually and ending

November 4, 2005, would be $464.21.

2.    *The 10% Interest Rate On Which Plaintiff Relies For Purposes Of
Calculating Postjudgment Interest Is Incorrect.*

Plaintiff requests that the Court award postjudgment interest at a rate of

10%, which he asserts is "comprised of a federal funds rate of 5% and a 5% add-on by [6

Del. C.] Section 2301(a)." Plaintiff's Opening Brief, p. 5. Plaintiff further asserts that

---

prejudgment interest on Plaintiff's Incapability Benefits and interest, if any, on
Plaintiff's T&P Benefits, DuPont cannot foresee what amount of interest, if any,
the Court will award in its discretion. Although the methodology for determining
postjudgment interest is certain, *see* Section III.B.1., it is difficult for DuPont to
calculate the appropriate amount of postjudgment interest because the interest
award is uncertain.

19

the Third Circuit approved of this methodology in *Gelof v. Papineau*, 829 F.2d 452 (3d Cir. 1987). *Id.*

Contrary to Plaintiff's assertions, the Third Circuit in *Gelof* held that the district court there did not abuse its discretion by relying on 6 Del. C. § 2301(a) for purposes of calculating prejudgment interest, not postjudgment interest. *Id.* at 456. With respect to postjudgment interest, the Third Circuit held that postjudgment interest is governed by 28 U.S.C § 1961. *Id.* at 457 (requiring a postjudgment interest award based on 6 Del. C. § 2301(a) to be modified).

C.    If The Court Decides To Address Postjudgment Interest At This Time, Plaintiff Is Not Entitled To Postjudgment Interest On An Award, If Any, Of Interest On His T&P Benefits.

1.    *Plaintiff Is Not Entitled To Postjudgment Interest On An Award, If Any, Of Interest On His T&P Benefits Because 28 U.S.C. § 1961 Does Not Apply.*

The Plaintiff seeks postjudgment interest on an award of interest on his T&P Benefits. However, postjudgment interest is not appropriate on an award of interest on Plaintiff's T&P Benefits for two reasons.

First, the Court never entered a judgment with respect to Plaintiff's claim for T&P Benefits, as DuPont voluntarily paid Plaintiff's T&P Benefits after the Court entered judgment on Plaintiff's claim for Incapability Benefits. Accordingly, § 1961 does not give the Plaintiff the right to an award of postjudgment interest with respect to an award, if any, of interest on his T&P Benefits. Second, even if Plaintiff had obtained a judgment for T&P Benefits under ERISA § 502(a)(3)(B), § 1961 would not give Plaintiff the right to an award of postjudgment interest because § 1961 is limited to judgments at law, not "a judgment obtained pursuant to an equitable remedy." *Skretvedt II*, 372 F.3d at 217.

20

2.    *If The Court Determines That The Plaintiff Is Entitled To Postjudgment Interest On An Award, If Any, Of Interest On His T&P Benefits, DuPont Respectfully Requests That The Court Use § 1961 As A Guideline.*

For the reasons articulated *supra* in Section III.B.2., Plaintiff's reliance on a 10% interest rate for calculation of postjudgment interest on an award, if any, of interest on his T&P Benefits, is legally incorrect. DuPont respectfully requests that the Court, if it determines that an award of postjudgment interest is proper, use the rate prescribed by § 1961. The weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date DuPont paid the T&P Benefits – March 6, 2002 – was 2.41%. Using this rate, total postjudgment interest on an interest award of $13,885.09 on Plaintiff's T&P Benefits, compounded annually and ending November 4, 2005, would be $1,267.79.

## .CONCLUSION

For the foregoing reasons, DuPont respectfully requests that the Court decline to award prejudgment interest on Plaintiff's Incapability Benefits. If the Court determines that a prejudgment interest award is appropriate, DuPont respectfully requests that the Court use the methodology DuPont proposes and award Plaintiff prejudgment interest on his Incapability Benefits in the amount of $5,322.62. DuPont submits that Plaintiff is not entitled to interest on his T&P Benefits because he cannot show that, under *Fotta II*, DuPont wrongfully withheld or delayed payment of his T&P Benefits. If the Court decides that an award of interest on T&P Benefits is warranted, DuPont requests that the Court award interest in the amount of $13,885.09. Finally, DuPont respectfully requests that the Court delay addressing the issue of postjudgment interest until it enters an award, if any, with respect to Plaintiff's claims for interest and after Plaintiff files a timely motion for postjudgment interest.

POTTER ANDERSON & CORROON LLP

By *Elizabeth King*
          Mary E. Copper (#2397)
          Kathleen Furey McDonough (#2395)
          Elizabeth King (#4475)
          Hercules Plaza 6th Floor
          1313 N. Market Street, P.O. Box 951
          Wilmington, Delaware 19899
          (302) 984-6000

          Evelyn H. Brantley (#3380)
          E. I. du Pont de Nemours and Company
          DuPont Legal, D7146
          1007 Market Street
          Wilmington, Delaware 19898
          (302) 773-0369

          *Attorneys for Defendant*
          *E. I. du Pont de Nemours and Company*

Dated: November 4, 2005

22