NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No.  07-1081

———————————

ORRIN T. SKRETVEDT,

Appellant

v.

*EI DUPONT DE NEMOURS & COMPANY INCORPORATED, Plan Adminstrator,
a Delaware corporation; PENSION AND RETIREMENT PLAN;
HOSPITAL AND MEDICAL-SURGICAL PLAN; DENTAL ASSISTANCE
PLAN; NONCONTRIBUTORY GROUP LIFE INSURANCE PLAN;
CONTRIBUTORY GROUP LIFE INSURANCE PLAN; TOTAL AND PERMANENT
DISABILITY INCOME PLAN; SAVINGS AND INVESTMENT PLAN;
TAX REFORM ACT STOCK OWNERSHIP PLAN;
SHORT TERM DISABILITY PLAN

*(Amended Per Clerk's Order dated 2/22/07)

———————————

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 98-cv-00061)
Magistrate Judge: Honorable Mary Pat Thynge

———————————

Submitted Under Third Circuit LAR 34.1(a)
December 14, 2007

Before: SLOVITER and AMBRO, <u>Circuit Judges</u>
POLLAK,[*] <u>District Judge</u>

———————————

[*]Honorable Louis H. Pollak, Senior United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

(Filed January 15, 2008)

————————

OPINION

————————

AMBRO, <u>Circuit Judge</u>

Orrin Skretvedt appeals a District Court decision regarding interest on the delayed

payment of disability benefits.  We affirm in part and reverse in part.

I

We recite the facts briefly because we write primarily for the parties.  Skretvedt

worked for E.I. DuPont de Nemours and Company from June 1974 until February 1995,

whereupon DuPont terminated him.  After pursuing an ultimately unsuccessful claim

before the Equal Employment Opportunity Commission, Skretvedt applied for disability

benefits, which DuPont denied.  In 1998, Skretvedt filed a complaint in the United States

District Court for the District of Delaware against DuPont and various associated ERISA

plans[1] for improper denial of eight types of benefits, as well as prejudgment interest,

postjudgment interest, and attorney's fees.  The Magistrate Judge granted summary

judgment in favor of DuPont on all claims.  *Skretvedt v. E.I. DuPont de Nemours & Co.*,

119 F. Supp. 2d 444 (D. Del. 2000).

Skretvedt appealed that order with respect to two specific benefit plans: the

———————————————

[1] We refer to the defendant-appellees, *i.e.*, DuPont and the ERISA plans, collectively
as "DuPont."

2

"Incapability Retirement" pension program ("incapability benefits") and the "Total and Permanent Disability Income Plan" ("T & P benefits"). Our Court reversed and remanded the order with respect to the claim for incapability benefits, holding that Skretvedt was eligible. *Skretvedt v. E.I. DuPont de Nemours & Co.*, 268 F.3d 167, 184 (3d Cir. 2001) ("*Skretvedt I*"). We also vacated and remanded the order with respect to the claim for T & P benefits so that DuPont could determine Skretvedt's eligibility for that particular category of benefits in the first instance. *Id.* at 185.

Subsequently, in March 2002, DuPont granted incapability benefits as directed by the Magistrate Judge's order after remand. DuPont also granted T & P benefits voluntarily at the same time in light of our Court's opinion in *Skretvedt I*. In April 2002, Skretvedt filed a brief in the District Court pursuing, among other claims, interest on the delayed payment of his benefits. The Magistrate Judge treated the brief as a motion for additional compensation and denied relief on all claims. Skretvedt appealed again to our Court.

We asked the Magistrate Judge to reconsider, in light of the legal principles articulated in our opinion, three categories of interest on the delayed payment of Skretvedt's benefits: "(1) prejudgment interest on the award of incapability benefits; (2) interest on the delayed payment of T & P benefits; and (3) postjudgment interest on both of those awards." *Skretvedt v. E.I. DuPont de Nemours & Co.*, 372 F.3d 193, 218 (3d Cir. 2004) ("*Skretvedt II*"). We affirmed the denial of all other claims for additional

3

compensation.

On remand after *Skretvedt II*, the Magistrate Judge granted Skretvedt $10,570.22 in prejudgment interest with respect to his incapability benefits, denying postjudgment interest on that claim but granting leave to refile. The Court denied interest for the delayed payment of Skretvedt's T & P benefits, however, and accordingly denied his corresponding claim for postjudgment interest. Skretvedt is again before us on appeal.

## II

Skretvedt argues that the Magistrate Judge should have applied the principles of a constructive trust when calculating the prejudgment interest on his incapability benefits. He contends that, although the judgment awarding incapability benefits came under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B),[2] any award of prejudgment interest on that claim must come under ERISA § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B).[3]

This argument contradicts our opinion in *Skretvedt II*, which separately analyzed prejudgment interest under § 502(a)(1)(B) (see section V.A of that opinion) and interest for delayed payment without a judgment under § 502(a)(3)(B) (see section V.B. of the opinion). We pointed out that "an ERISA plaintiff who prevails under § 502(a)(1)(B) in

---

[2] The provision allows suits by a plan participant or beneficiary "to recover benefits due to him under the terms of this plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

[3] Subsection (a)(3)(B) allows suits "by a participant, beneficiary, or fiduciary" . . . to obtain . . . appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this title or the terms of the plan."

4

seeking an award of benefits may request prejudgment interest *as part of* his or her benefits award." 372 F.3d at 208 (emphasis added). We also stated that " 'the awarding of prejudgment interest is committed to the trial court's broad discretion.' " *Id.* (quoting *Ambromovage v. United Mine Workers of Am.*, 726 F.2d 972, 981–82 (3d Cir. 1984)). Thus, we affirm the Magistrate Judge's choice not to apply constructive trust principles in awarding prejudgment interest on the incapability-benefits claim. In particular, we affirm the decision to use the DuPont ERISA plan's formula for calculating interest, which involves applying "a simple interest rate of 120% of the Federal Reserve mid-term rate as of January in the year in which the delay occurred." District Ct.'s Op. 14.

But Skretvedt is correct that the prejudgment-interest calculation did not correctly account for the time value of money. *See* Appellant's Opening Br. 35–36. For example, with respect to the incapability benefits DuPont paid Skretvedt for (but not in) 1995, the interest awarded reflects only the simple interest that accrued in 1995. Yet Skretvedt did not obtain a judgment on his claim for incapability benefits until December 2001. Thus, he should also receive the interest that accrued from 1996 through 2001 on the benefits paid for 1995. Similar logic applies to Skretvedt's incapability benefits for the years 1996 through 2000. We reverse on this narrow arithmetical issue.

Based on the amount of Skretvedt's incapability benefits,[4] and using the same

---

[4] DuPont paid Skretvedt incapability benefits of $19,112 in 1995 and $21,300 per year for 1996 through 2001. App. 52.

interest rates[5] and time periods for accruing interest[6] as the Magistrate Judge used, the

following table displays what we believe to be the correct amounts of simple interest for

each year of benefits awarded:

| | Prejudgment Interest | | | | | | |
|---|---|---|---|---|---|---|---|
| Benefits | 1995 | 1996 | 1997 | 1998 | 1999 | 2000 | 2001 |
| 1995 | <u>$1,628.47</u> | $1,316.82 | $1,402.82 | $1,362.69 | $1,068.36 | $1,427.67 | $1,226.44 |
| 1996 | | <u>$1,467.57</u> | $1,563.42 | $1,518.69 | $1,190.67 | $1,591.11 | $1,366.85 |
| 1997 | | | <u>$1,563.42</u> | $1,518.69 | $1,190.67 | $1,591.11 | $1,366.85 |
| 1998 | | | | <u>$1,518.69</u> | $1,190.67 | $1,591.11 | $1,366.85 |
| 1999 | | | | | <u>$1,190.67</u> | $1,591.11 | $1,366.85 |
| 2000 | | | | | | <u>$1,591.11</u> | $1,366.85 |
| 2001 | | | | | | | <u>$1,366.85</u> |

The previous interest calculation, in effect, included only amounts corresponding to the

underlined diagonal entries from this table.[7]  But this did not appropriately compensate

---

[5] Those interest rates are: 9.54% for 1995, 6.89% for 1996, 7.34% for 1997, 7.13% for
1998, 5.59% for 1999, 7.47% for 2000, and 6.75% for 2001.  Magistrate Judge's Op. 14
n.44.

[6] The Magistrate Judge correctly deemed that period to be February 8, 1995 through
December 13, 2001.  *Id.* at 19.  Skretvedt should receive interest for 326 days out of 365
in 1995 and 347 days out of 365 in 2001.  *See* Robert F. Meigs & Walter B. Meigs,
*Accounting: The Basis for Business Decisions* 316 (8th ed. 1990) (stating that, in interest
calculations, "[t]he day on which a note is dated is not included; the day on which a note
falls due is included" (emphasis omitted)).

[7] The underlined figure for 1995 of $1,628.47 differs from the $1,871.91 used in the
previous interest calculation.  *See* Magistrate Judge's Op. at 19 n.58.  Adding $1,871.91
to the underlined figures for 1996 through 2001 ($1,467.57, $1,563.42, $1,518.69,
$1,190.67, $1,591.11, and $1,366.85) gives a sum of $10,570.22, the amount awarded by
the Magistrate Judge.

   Four issues account for the discrepancy in the amount of interest for 1995, which

Skretvedt for the time value of his benefits-award money.  The correct total is $39,503.05 in prejudgment interest.[8]

Once a money judgment has been filed on remand, Skretvedt may move for postjudgment interest with respect to any delay in DuPont's payment of the prejudgment interest.  *See Skretvedt II*, 372 F.3d at 217 ("Skretvedt could receive postjudgment interest *on any award of prejudgment interest* under ERISA § 502(a)(1)(B) with respect to incapability benefits." (emphasis added)).  But he may not pursue postjudgment interest

we explain to allow the parties and the Magistrate Judge to retrace our steps.  First, the previous calculation used an interest rate of 9.84% for 1995, *see* Magistrate Judge's Op. 19 n.58, which conflicts with the interest rate of 9.54% specified elsewhere in the opinion, *id.* at 14 n.44, and in the record, App. 160.  Second, the previous calculation uses a *calculated* benefits level for 1995 of approximately 89.3% (representing 326 days out of 365) of $21,300 yearly benefits, which gives a figure of $19,024.11.  But the *actual* amount that DuPont awarded Skretvedt for 1995 was $19,112.  App. 52.  Third, the previous calculation used the time period of 326 days in 1995 to calculate the base level of benefits awarded to Skretvedt, but implicitly used a time period of one full year to calculate the interest.  The proper time period *for calculating the interest that accrued in 1995* is also 326 days, not a full year, which further reduces the interest for 1995 compared to the previous calculation.  Fourth, there is a six-cent discrepancy between the $1,871.91 discussed in the opinion and the figure of $1,871.97 that would result from using the preceding figures to calculate the following: $21,300 times 326 divided by 365 times 9.84%.

Making these adjustments, the proper calculation for 1995 is to multiply $19,112 (the base level of benefits for 1995) by 9.54% (the correct interest rate for 1995) by the quotient 326 divided by 365 (the time during which interest accrued during the year 1995).  That product gives the figure of $1,628.47 displayed in the table.

[8] This sum differs by three cents from the sum of the numbers in the table ($39,503.08) because we have rounded the numbers in the table to the nearest penny.  The sum of the non-rounded numbers is the proper total of prejudgment interest.

on the previous, underlying award of incapability benefits.[9]

III

With respect to Skretvedt's claim for interest on the delayed payment of his T & P

benefits, we agree with the Magistrate Judge that DuPont did not wrongfully withhold

those benefits.  DuPont awarded T & P benefits voluntarily after Skretvedt obtained a

judgment for incapability benefits as a result of *Skretvedt I*.  Under the plan's policy,

DuPont could not have awarded T & P benefits without a prior incapability-benefits

award.  Moreover, the evidence suggests that Skretvedt is not totally and permanently

disabled.

Without a judgment for interest on the delayed payment of T & P benefits under §

502(a)(3)(B), the issue of postjudgment interest on that claim is moot.

*    *    *    *    *

We commend the Magistrate Judge for her thorough opinion, which clearly

explained both her legal reasoning and her arithmetical calculations.  We also applaud the

Magistrate Judge for handling a case like this with such patience and attention to detail,

---

[9] In *dicta*, the Magistrate Judge suggested to the contrary on this point.  Magistrate
Judge's Op. 30 & n.99.  Our opinion in *Skretvedt II* referred to " 'the entire amount of the
judgment, including any prejudgment interest,' "for the purpose of showing that awarding
postjudgment interest on prejudgment interest was permissible.  372 F.3d at 217 (quoting
*Caffey v. UNUM Life Ins. Co.*, 302 F.3d 576, 586 (6th Cir. 2002)).  But because the
underlying award of incapability benefits was not a " '*money* judgment' " with a " 'fixed
amount of fees,' " Skretvedt remains "unable to pursue postjudgment interest with respect
to DuPont's four month delay in paying incapability benefits" under 28 U.S.C. § 1961.
*Id.*

8

especially since the parties have presented the issues in a disorganized and haphazard fashion. We remind the parties that, in future proceedings, they must comply with the Magistrate Judge's orders, including her directive to provide the proper documents and pinpointed references to the cited material within those documents. *See* Magistrate Judge's Order ¶¶ 3–4 (December 11, 2006).

For the reasons described above, the decision of the Magistrate Judge is affirmed save with respect to the amount of the award of prejudgment interest on Skretvedt's incapability benefits. On remand, the Magistrate Judge should award $39,503.05 in prejudgment interest and should continue to grant Skretvedt leave to file a motion for postjudgment interest on that prejudgment interest in accordance with *Skretvedt II*.