

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Sarah E. DiLuzio
Attorney at Law
sdiluzio@potteranderson.com
302 984-6279 Direct Phone
302 658-1192 Fax

August 25, 2008

*Via Hand Delivery and Electronic Filing*

The Honorable Mary Pat Thynge
United States District Court
844 King Street
Lock Box 8
Wilmington, DE 19801

Re: Skretvedt v. DuPont, C.A. No. 98-CV-61

Dear Judge Thynge:

As ordered by the Court on August 4, 2008, I write on behalf of the Defendants in order to update the Court on the status of the above-referenced matter. (D.I. 220)

As the Court directed, the parties have engaged in settlement discussions. Unfortunately, the parties' settlement positions remain very far apart. As a practical matter, the only outstanding issue is whether Plaintiff is entitled to an award of attorneys' fees. Defendants maintain that Plaintiff is precluded from receipt of fees because the judgment Plaintiff finally obtained was far less favorable than that offered by Defendants in their August 2, 2005 Offer of Judgment. (D.I. 195) Nonetheless, Defendants engaged in good faith settlement negotiations with Plaintiff, and offered an amount that they determined to be a fair compromise. Plaintiff, too, made a settlement demand. Cognizant of the dictates of Federal Rule of Evidence 408, suffice it to say that the difference between Plaintiff's demand and Defendants' counter-offer is hundreds of thousands of dollars. The parties have been unable to bridge that gap.

In any event, the parties' attempts at settlement are now moot, because Plaintiff has waived any claim to post-judgment interest or attorneys' fees by failing to file a timely motion, and supporting brief, for same. The Court's February 28, 2008 Order, extended by oral decision on March 31, 2008, required Plaintiff to file a motion and supporting brief on or before May 1, 2008. (D.I. 217) To date, no motion has been filed. Nor have Defendants consented to an extension of time. Defendants have informed Plaintiff, on more than one occasion, that any remaining claims he has have now been waived. Even after being so informed, Plaintiff has failed to seek relief from this Court.

Letter to The Honorable Mary Pat Thynge
Page Two
August 25, 2008

      Pursuant to Fed. R. Civ. P. 54(d)(2), parties are required to move for attorneys' fees within fourteen (14) days after the entry of judgment. This Court extended the time within which Plaintiff could move, allowing him over two months to do so. Even with this generous extension of time, Plaintiff has failed to file a motion, or any supporting affidavit, outlining the basis for additional relief. He is, therefore, barred from doing so and the Court should treat this matter as closed. See D. Del. LR 1.3(b) ("Failure to comply with the Rules of this Court relating to motions may result in the determination of the motion against the offending party.")

      Counsel are available at the Court's convenience if Your Honor has any questions.

                                      Respectfully submitted,

                                      Sarah E. DiLuzio
                                      (Del. Bar I.D. #4085)

SED:cet
cc: John Stull, Esquire (via U.S. Mail)

878917