IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORRIN T. SKRETVEDT, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 98-61-MPT |
| : | |
| E. I. DUPONT DE NEMOURS AND : | |
| COMPANY, et al., : | |
| : | |
| Defendants. : | |

### ORDER

At Wilmington this **15th** day of **September, 2008**.

On February 28, 2008, a teleconference. During that conference, the status of the case as a result of the remand from the Third Circuit was discussed. As a result of that conference, as evidenced in the court's Order of February 28, 2008, judgment was entered in favor of plaintiff on prejudgment interest on incapability benefits consistent with the Opinion of the Third Circuit dated January 15, 2008. In addition to the judgment, the parties were directed to attempt to resolve any further disputes regarding any alleged postjudgment interest and attorney's fees. If unsuccessful in their settlement attempts, the parties were directed to file the appropriate motion and brief any outstanding issues. Plaintiff's opening brief was due on April 1, 2008.

On March 31, 2008, the court orally extended the due date for plaintiff's motion and opening brief to May 1, 2008. On August 4, 2008, counsel were ordered to advise the court of the status of the matter, including negotiations, and to explain why no

motion or briefing had occurred. Defendant responded by letter on August 25, 2008. Plaintiff has not responded. To date, no motion for prejudgment interest or attorney's fees has been filed by plaintiff. No additional extensions have been requested by plaintiff or granted by the court.

Under Fed. R. Civ. P. 54(d)(2), parties are required to move for attorney's fees within fourteen days after entry of judgment. Judgment was entered in this matter on February 28, 2008. The court, however, extended the time within which plaintiff could move for fees and costs until May 1, 2008, almost two months beyond what is allowed under the rule. During that time and to the present, plaintiff has filed no motion, or any supporting affidavit outlining the basis for any additional relief. Further, plaintiff has failed to respond to a court order to explain his inaction. Therefore,

IT IS ORDERED and DECREED, that due to plaintiff's failure to abide by the Orders of the court and plaintiff's failure to prosecute any remaining issues, pursuant to D. Del LR 1.3(b) and 41.1, this matter is dismissed and closed.

/s/ Mary Pat Thynge  
UNITED STATES MAGISTRATE JUDGE