## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORRIN T. SKRETVEDT, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 98-61-MPT |
| | : |
| E. I. DUPONT DE NEMOURS AND | : |
| COMPANY, et al., | : |
| | : |
| Defendants. | : |

## **MEMORANDUM ORDER**

### **Background**

Plaintiff moves for reconsideration of the court's order of September 15, 2008

and in the same motion also requests attorney's fees.  Plaintiff's motion is one of many

that have been filed in the continuing saga of the instant action.  At this time, the court

will not recite the facts in detail, but directs those interested to the numerous opinions

concerning various issues.[1]  The present motion arises from the Third Circuit's opinion

of January 15, 2008[2] and the events thereafter occurring in this court.  That appellate

opinion corrected an arithmetical error increasing the award of prejudgment interest to

---

[1] To cite a limited, but tantalizing, few:  *Skretvedt v. E.I. DuPont de Nemours & Co. Inc*, 260 Fed. Appx. 531 (3d Cir. 2008); *Skretvedt v. E.I. DuPont de Nemours & Co. Inc.*, 372 F.3d 193 (3d Cir. 2004) (*Skretvedt II*); *Skretvedt v. E. I. DuPont de Nemours & Co. Inc.*, 98 Fed. Appx. 99 (3d Cir. 2004); *Skretvedt v. E.I. DuPont de Nemours*, 268 F.3d 167 (3d Cir. 2001) (*Skretvedt I*); *Skretvedt v. E. I. DuPont de Nemours Co. Inc.*, C.A. No. 98-61, 2006 WL 3623705 (Dec. 11, 2006); *Skretvedt v. DuPont de Nemours Co. Inc.*, 262 F. Supp. 2d 366 (D. Del. 2003).

[2] *Skretvedt v. E.I. DuPont de Nemours & Co. Inc.*, 260 Fed. Appx. 531 (3d Cir. 2008) (for the *Cliff Notes* history of this matter).

plaintiff and directed this court to enter prejudgment interest in the amount of
$39,503.05 and to grant plaintiff leave to filed a motion for postjudgment interest in
accordance with *Skretvedt II*.

Continuing where the Third Circuit decision in 2008 ended, upon remand, this
court held a teleconference with counsel and entered judgment in favor of plaintiff on
prejudgment interest on incapability benefits consistent with the appellate court
directive. Based on the representations made during the teleconference, the court
further ordered that the parties continue to attempt to resolve any disputes regarding
postjudgment interest and attorney's fees. If the parties were unsuccessful in their
attempts, then they were directed to file the appropriate motion and brief any
outstanding issues beginning on April 1, 2008. Thereafter, at the request of plaintiff's
counsel, the court orally extended the due date for plaintiff's motion and opening brief
to May 1, 2008. In the absence of any filings and having heard nothing from the
parties, the court ordered counsel on August 4, 2008, to advise in writing about the
status of the case, including negotiations, and to explain why no motion or briefing had
been filed. Defendant responded by letter on August 25, 2008. No response was
provided by plaintiff. On September 15, 2008, the court entered a judgment dismissing
the matter and closing the case. At that time, no motion for postjudgment interest or
attorney's fees had been filed by plaintiff, nor had any additional extension been
requested by plaintiff.

On September 16, 2008, plaintiff's counsel filed a rambling letter, outlining the
"sins" of the defendants in negotiations in other matters unrelated to the instant case
and demanding attorney's fees, costs and postjudgment interest in the amount of

2

$210,000. The letter essentially provided no legal or factual support for the attorney's fees and costs demanded or for postjudgment interest. Plaintiff's counsel merely provided his "billing record" for fees and costs from October 2000 to October 2001. Those fees and expenses had been previously covered in a judgment entered in this court's opinion of May 9, 2003 and affirmed in *Skretvedt v. E.I. DuPont de Nemours Co. Inc.*[3] Plaintiff provided no attorney time or costs that had not been previously addressed. No billing records after October 2001, no hourly rate or affidavits to support the hourly rate or to calculate the lodestar, and no bases for the claim of $200,000 in fees was provided.[4] Further, it appears that no reduction was applied for expenditures on those issues on which plaintiff was unsuccessful, including his unsuccessful appeal of an attorney's fees award. In the exhibits to that letter, the only correspondence attached regarding postjudgment interest and attorney's fees were June 27, 2008, a letter from plaintiff's counsel,[5] and August 14, 2008, a response from defense counsel offering $10,000 as full and final settlement of all outstanding disputes between the parties.

On September 29, 2008, defendants responded noting that plaintiff's September 16 letter "at best [is] a thinly disguised motion for reconsideration under Fed. R. Civ P.

---

[3] 98 Fed. Appx. 99 (3d Cir. 2004).

[4] All plaintiff states is that expenditures for the second appeal would be similar to those contained in the billing record for the first appeal to the Third Circuit, while the fees and costs for the third appeal would be half of that amount. Although plaintiff referenced the case of *Gelof v. Papinueau*, to support his bald assertion that a 10% postjudgment rate of interest applied, he provided no pinpoint cite in contradiction of the Third Circuit's directive. *Skretvedt*, 260 Fed. Appx. at 534.

[5] The date of that letter is almost two months *after* plaintiff's brief was due with the extension.

3

59." Defendants opposed plaintiff's motion/request by outlining the requirements under Rule 59(e) and how his letter was insufficient.

Thereafter, on September 29, 2008, plaintiff filed a combined motion for reconsideration of the September 15, 2008 order and for attorney's fees and costs. In that combined motion, plaintiff referenced his previous letter of September 16, and demanded attorney's fees, costs and interest in the amount of \$210,000. He furnishes no analysis or calculations for the demand or the interest rate applied. In the proposed order attached, plaintiff includes "costs in the amount of \$8,000" and "attorney's fees in the amount of \$202,000." Absent the attachments to the letter of September 16, 2008, no other evidence was provided to support his demand of attorney's fees, costs and presumably postjudgment interest.[6]

This Memorandum Order addresses plaintiff's motion for reconsideration and for fees, costs and interest.

**Applicable Standard**

**Standard under Fed. R. Civ. P. 59(e)**

The court may alter or amend its judgment if the party seeking reconsideration shows "(1) an intervening change in the controlling law;" (2) the availability of new evidence that was not available when the court issued its order; or "(3) the need to correct a clear error of law or fact or to prevent manifest injustice."[7] "Although Rule 59 does not specifically mention a motion for reconsideration, such a motion is regarded

---

[6] The proposed order only references attorney's fees and costs. It is silent on postjudgment interest.

[7] *Max's Seafood Café, ex rel. Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

4

as 'the functional equivalent of a Rule 59 motion.'"[8]   "[A] motion for [reconsideration]
may not be used by the losing litigant as a vehicle to supplement or enlarge the record
provided to the Court and upon which the merits decision was made unless 'new factual
matters not previously obtainable have been discovered since the issue was submitted
to the Court[.]'"[9]   It is not intended merely to be an opportunity to "accomplish [the]
repetition of arguments that were or should have been presented to the court
previously."[10]   Rule 59(e) may not be used to advance arguments that a party could
have made before judgment, but neglected to do so.[11]   Further, finality of judgment and
conservation of judicial resources dictate that Rule 59(e) be sparingly granted.[12]   This
court recognizes that meeting the standard for obtaining relief under Rule 59(e) is
difficult.

## Analysis

Plaintiff never discusses or addresses the standards for reconsideration under
Rule 59(e); rather, he merely argues that he is entitle to attorney's fees, notwithstanding
that his action has been dismissed.  Plaintiff does not claim that there has been any
change in the law.  He does not suggest that any new evidence has become available

---

[8] *Boyd v. Nannas*, C.A.No. 07-378-JJF, 2008 U.S. Dist. LEXIS 32177, at *1 (D.
Del. Apr. 18, 2008) (quoting *Federal Kemper Ins. Co. v. Rauscher,* 807 F.2d 345, 348
(3d Cir. 1986)).

[9] *Lechliter v. Dept. of Defense*, C. A. No. 03-1016-KAJ, 2005 WL 3654213, at *1
(D. Del. Aug. 24, 2005) (quoting *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293,
295 (D. Del. 1998) (citations omitted) (alteration in original)).

[10] *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991).

[11] *Mobil Oil Corp. v. Amoco Chems. Corp.*, 915 F. Supp. 1333, 1377 (D. Del.
1994).

[12] *Pennsylvania Ins. Guar. Ass'n. v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa.
1992).

since the court issued its decision on September 15, 2008. He presents no evidence of manifest injustice. He proffers no facts which supports any claim of inequity or hardship, nor does he make any such claim. He does not proffer any exceptional circumstances. Clearly, all relevant evidence, such as counsel's billing records, which the court has yet to see for the pertinent time period involved, were available since the Third Circuit's remand. Therefore, plaintiff fails to provide any proper basis to support reconsideration under Rule 59.

Although at first blush, dismissal and closure of the case may appear as severe, at the time dismissal occurred, there was nothing pending before the court. Previously, plaintiff was granted and recovered incapability benefits under defendants' pension plan, was granted and paid temporary and permanent disability benefits ("T & P" benefits), was awarded attorney's fees and costs through February 13, 2002 and recovered prejudgment interest on his incapability benefits.[13] Consistent with the direction of the Third Circuit, this court did allow leave for plaintiff to file for postjudgment interest on his award of prejudgment interest for incapability benefits.[14] It also granted leave to file for attorney's fees and costs. Despite repeated requests and allowances from the court, plaintiff did not file any motion for postjudgment interest or for fees and costs. Therefore, at the time that this matter was dismissed and closed for

---

[13] Plaintiff was denied interest on the delayed payment of his T & P benefits. *See Skretvedt*, 260 Fed. Appx. at 535-36.

[14] The Third Crcuit noted because the underlying award of incapability benefits had not previously been a "money judgment" with a "fixed amount of fees" as required under 28 U.S.C. § 1961, plaintiff could not have pursued postjudgment interest on the four month delay by defendants in paying incapability benefits. *Id*. at 535 n.9. It denied any recovery for pre or postjudgment interest for T & P benefits. *Id.* at 535-36.

6

failure to prosecute, there were no issues remaining that had been appropriately presented to the court to decide. Moreover, absent the court's generous granting of extensions, plaintiff's motion for interest, fees and costs would have been due within fourteen days after entry of the final judgment on prejudgment interest.[15]

Dismissal is appropriate when a litigant acts in "flagrant bad faith" or with "callous disregard" of the court's orders.[16] The court may use dismissal under its inherent power "to prevent undue delays in the disposition of pending cases and to avoid congestion in [its] calendar . . . ."[17] Plaintiff has shown a callous disregard for the court's orders and its inquiries. He is allowing his case to unnecessarily congest the court's calendar. Despite the repeated efforts and allowances by the court, his inaction demonstrates that there are no remaining issues to address.

Therefore, plaintiff's motion for reconsideration is denied.

Although plaintiff's motion for reconsideration has been denied, the court cannot restrain itself from commenting on the unmitigated gall plaintiff's counsel has demonstrated in his recent filings. Not only has he ignored the warning from this court in its order of December 11, 2006, he has disregarded the directive of the Third Circuit.[18] Even allowing that the *McPherson v. Employees' Pension Plan of Amer. Re-Insurance Co.*[19] factors have been met, in his habitual slipshod, legally unsustainable

---

[15] Fed. R. Civ. P. 54(d)(2).

[16] *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

[17] *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Since this court has labored under the absence of a district judge for almost three years, congestion of its docket is chronic.

[18] *See Skretvedt*, 260 Fed. Appx. at 536.

[19] 33 F.3d 253 (3d Cir. 1994) (outlining the five factors to determine whether an award of attorney's fees under ERISA is warranted).

7

fashion, counsel provides no support for his conclusory argument for attorney's fees,

costs and postjudgment interest.  To qualify for recovery of attorney's fees and costs, a

plaintiff must be a "prevailing party," a term defined as any party who "succeed[s] on

any significant issue in litigation which achieves some of the benefits the parties sought

in bringing suit."[20]   Determining the appropriate attorney's fee award begins with the

calculation of the lodestar amount which equates to the appropriate hourly rate

multiplied by the reasonable amount of hours expended.[21]  The reasonable rate is

determined by the evidence in the record[22] and subject to a "calculation according to the

prevailing market rates in the community."[23]  It is the burden of an applicant under a fee

shifting statute, such as 29 U.S.C. § 1132(g), to establish the reasonableness of the

rate sought.[24]  To meet that burden, a plaintiff must prove the reasonable market rate

with evidence beyond his attorney's affidavit.[25]

    After the reasonable rate is determined, the appropriate hours for the work

performed is calculated through thorough and specific documentation of the hours and

activities performed.[26]  Despite the calculated lodestar amount, the court has discretion

regarding the final award of fees.[27]  That discretion extends to an independent review of

---

[20] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978) (overruled on other grounds).

[21] *Hensley*, 461 U.S. at 433.

[22] *Coleman v. Kaye*, 87 F.3d 1491, 1510 (3d Cir. 1996).

[23] *Washington v. Philadelphia County Court of Common Pleas,* 89 F.3d 1031, 1035 (3d Cir. 1996).

[24] *Id.*

[25] *Id.* at 1036; *see also Smith v. Philadelphia Housing Authority*, 102 F.3d 223, 225 (3d Cir. 1997).

[26] *Evans v. Port Authority*, 273 F.3d 346, 361 (3d Cir. 2001).

[27] *Hensley*, 461 U.S. at 437.

8

the fees requested to determine whether they were "reasonably expended," and the court should reduce the amount of attorney's fees when they are excessive or unreasonable in light of the services provided.[28]

There were a number of issues on which plaintiff did not prevail at the appellate level.[29] Specially, plaintiff was entirely unsuccessful on his appeal for attorney's fees and denial of his motion to strike defendants' opposition brief.[30] The appellate court in *Skredtvedt II* determined that plaintiff waived all ancillary claims, other than those remanded in *Skredtvedt I*.[31] In his most recent sojourn to the Third Circuit, his arguments regarding the application of constructive trust principles on prejudgment interest and interest on delayed payment of T & P benefits were rejected. Moreover, he has already been compensated for attorney's fees and costs for his first appeal, *Skretvedt I*.[32]

As noted previously herein, the only "support" for his present motion for attorney's fees and costs is an "invoice" from October 2000 to October 2001, and counsel's remark that to calculate the total fees and costs demanded, the court should *assume* that the fees and expenses for the second appeal and the most recent appeal equal to 1 ½ times the fees and costs for the first appeal.[33] No other billing information

---

[28] *Id.* at 434.

[29] *See* footnote 1 above.

[30] *See Skretvedt*, 98 Fed. Appx. 99.

[31] 372 F.3d at 202-204 (where six counts which included claims for medical, dental, TRASOP, and STD [short term disability] benefits and benefits arising under the tax-deferred savings or SID program were rejected).

[32] *See Skretvedt*, 262 F. Supp. 2d 366.

[33] To approach plaintiff's demand of $202,000 in attorney's fees, those fees for his first appeal have to be included in his present calculations – such fees which he previously recovered from defendants, albeit with a significant reduction in the number

is furnished. Contrary to plaintiff's motion, no affidavit corroborating the hourly rate is provided. In fact, no hourly rate is specified.[34] The court has no idea how the $8,000 demand in "costs" is computed, since the submissions contain nothing regarding such expenses.[35] Should that amount refer to postjudgment interest, no information has been submitted as to how that interest was calculated. Thus, no documentation for attorney's fees, costs and interest has been provided which remotely meets the requirements of *Hensley* and Third Circuit case law.[36]

Moreover, an Offer of Judgment in the amount of $42,694.72 for prejudgment interest on incapability benefits was made in August 2005.[37] Since plaintiff recovered less than that amount, he may not be entitled to any attorney's fees.[38]

As this court emphasized previously, it is neither its responsibility nor obligation to divine what counsel means or to search for evidence. Should this court have to revisit this matter again, it will disregard any statements, assertions or conclusions for

of hours to 117.7, which is less than half of the 265 hours *now* claimed for that appeal. *See Skretvedt*, 262 F. Supp. 2d 366.

[34] The court could determine the hourly rate by dividing the number of hours into the total fee for the first appeal as contained in the invoice attached ($83,510 ÷ 265.5 hours = $314.54/hour), which is in excess of the hourly rate previously awarded. *See Skretvedt*, 262 F. Supp. 2d 366.

[35] Even applying counsel's multiplier of 1 ½ , the amount of costs claimed for the first appeal were $443.09, which means that the costs for the second and third appeals would equal $664.64.

[36] *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *see generally Evans v. Port Authority*, 273 F.3d 346 (3d Cir. 2001); *Smith v. Philadelphia Housing Authority*, 107 F.3d 223 (3d Cir. 1997); *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031 (3d Cir. 1996); *Coleman v. Kaye*, 87 F.3d 1491 (3d Cir. 1996).

[37] That offer also included prejudgment interest in the amount of $37,090.85 for delayed T & P benefits, interest which this court and the Third Circuit denied. *Skredvedt*, 260 Fed. Appx. at 535.

[38] *Spruill v. Winner Ford of Dover, Ltd.*, C.A. No. 94-685 MMS, 1998 WL 186895 (D. Del. Apr. 6, 1998).

which no proper documentation, support or information is provided or which are

inappropriately submitted or inadequately sustained.

Therefore, consistent with the conclusions herein,

IT IS ORDERED, ADJUDGED and DECREED that plaintiff's combined motion

for reconsideration and for attorney's fees, costs and prejudgment interest (D.I. 225) is

DENIED.

Date: June 12, 2009          /s/ Mary Pat Thynge
                             UNITED STATES MAGISTRATE JUDGE